**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RONEY HARRIS, | : | |
| | : | |
| Plaintiff, | : | NO. 3:06CV133 (MRK) |
| | : | |
| v. | : | |
| | : | |
| UNITED TECHNOLOGIES | : | |
| CORPORATION, PRATT & WHITNEY | : | |
| AIRCRAFT DIVISION, | : | |
| | : | |
| Defendant. | : | |

## RULING AND ORDER

Pending before the Court are the Defendant's Motion to Dismiss Claim for Fraudulent Misrepresentation [doc. # 22] and Motion to Strike Improper References in Amended Complaint [doc. # 22] and Plaintiff's Motions to Compel Discovery [docs. ## 28, 30].  Defendant United Technologies Corporation, Pratt & Whitney Aircraft Division ("Pratt & Whitney") asserts that Mr. Harris's claims of fraudulent misrepresentation are barred by the doctrine of *res judicata* and by the applicable statute of limitations and that they should be dismissed accordingly.  Pratt & Whitney further argues that this Court should strike references to Mr. Harris's fraudulent misrepresentation claims and other select statutory references in the Amended Complaint [doc. # 19].  For his part, Mr. Harris argues that Pratt & Whitney has provided insufficient responses to twenty interrogatories in light of this Court's November 6, 2006 Ruling and Order [doc. # 26], which modestly expanded the scope of discovery that Pratt & Whitney had already provided Mr. Harris.  As explained further below, Defendant's Motion to Dismiss [doc. # 22] is GRANTED, Defendant's Motion to Strike [doc. # 22] and Plaintiff's Motion to Compel [doc. # 28] are GRANTED IN PART and DENIED IN PART, and Plaintiff's Motion to Compel [doc. # 30] is DENIED.

## I.

The facts of the case are well-known to the participants and will not be repeated here. Suffice it to say that this is the second federal action that Mr. Harris has filed against Pratt & Whitney involving the company's alleged employment discrimination against Mr. Harris. The first suit culminated in a judgment for Pratt & Whitney in 1997 following a bench trial before Judge Janet Bond Arterton of this District. *See Harris v. United Technologies Corp., Pratt & Whitney Div.*, No. 3:93cv121 (JBA). The Second Circuit later affirmed Judge Arterton's decision. *Harris v. United Techs. Corp.*, 165 F.3d 13 (2d Cir. 1998). That lawsuit involved claims arising from Pratt & Whitney's discharge of Mr. Harris in 1991 pursuant to a reduction-in-force and Pratt & Whitney's failure to rehire Mr. Harris in the intervening period before trial.

This lawsuit, on the other hand, involves claims that Pratt & Whitney improperly failed to rehire Mr. Harris in 2004. Nonetheless, in his Amended Complaint Mr. Harris asserts that Pratt & Whitney "misrepresented it would hire Plaintiff to available positions within the corporation. Defendant further misrepresented each reason given for selecting Plaintiff for layoff, including the need for a workforce reduction, the service time of Plaintiff, and Plaintiff's relative performance." Amended Complaint [doc. # 19] ¶ 12. In its Motion to Dismiss [doc. # 22], Pratt & Whitney first argues that Mr. Harris's claims of fraudulent misrepresentation relating to the reasons he was selected for layoff in 1991 and the company's alleged promises to rehire him are barred by the doctrine of *res judicata*, because they were or could have been raised in the earlier lawsuit between these parties.

In the Second Circuit, "[r]es judicata challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994); *see also Southard v. Southard*, 305 F.2d 730, 732 (2d Cir. 1962) ("The

defense of res judicata may be asserted in a 12(b)(6) motion if its availability appears from the plaintiff's pleadings."). "Under the doctrine of res judicata, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 380 (2d Cir. 2003) (emphasis added) (alteration in original) (quoting *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000)). Importantly for this case, the doctrine of "[r]es judicata, or claim preclusion, prevents the subsequent litigation of any ground of recovery that was available in the prior action, whether or not it was actually litigated or determined." *Balderman v. United States Veterans Admin.*, 870 F.2d 57, 62 (2d Cir. 1989). As it is indisputable that Mr. Harris's earlier lawsuit involved the identical parties to this action, and that the earlier lawsuit proceeded to final judgment on the merits (and was affirmed by the Second Circuit), the sole remaining question is whether the present claims were or could have been raised in that previous case. *See, e. g.*, *Jeffreys v. Teamsters Local Union No. 1150*, No. 3:03CV460 (MRK), 2004 WL 717172, at *3 (D. Conn. March 25, 2004).

     As it relates to Mr. Harris's claim of fraudulent misrepresentation regarding the reasons for his layoff, the answer to this question is evident from Mr. Harris's Amended Complaint, which recites that "[t]he reasons for my layoff were later found by a court of law to be false." Am. Compl. [doc. # 19] ¶ 14. Mr. Harris is undoubtedly referring to Judge Arterton's opinion, which necessarily assessed Pratt & Whitney's reasons for discharging Mr. Harris during the course of disposing of Mr. Harris's claim of employment discrimination. In fact, Judge Arterton did refer to Pratt & Whitney's stated reasons for discharging Mr. Harris as "disingenuous[]." *Harris*, No. 3:93cv01212(JBA), doc. # 149, at 37 (D. Conn. July 27, 1997). Thus, whether Pratt & Whitney misrepresented the reasons for Mr. Harris's layoff was, in fact, litigated in his prior action. That Mr. Harris couched his claims

in the earlier action as racial discrimination and retaliatory discharge, rather than fraudulent misrepresentation, is of no moment. "Merely changing the label placed on an otherwise identical set of allegations does not make the claim a new or different cause of action for purposes of the doctrine of res judicata." *Media Group, Inc. v. Tuppatsch*, 298 F. Supp. 2d 235, 244 (D. Conn. 2003).

The Amended Complaint also makes it clear that Mr. Harris's claim of fraudulent misrepresentation regarding the company's alleged promise to rehire him was also a claim that was or could have been litigated in the case before Judge Arterton. In his Amended Complaint, Mr. Harris asserts that "Defendant made representation of rehire to the Plaintiff to coerce him to abandon his claims of discrimination of him by them." Am. Compl. [doc. # 19] ¶ 38. Indeed, in her 1997 opinion, Judge Arterton expressly discussed Mr. Harris' claim that the company had made representations to him about its intention to rehire him. *See Harris*, No. 3:93cv01212(JBA), doc. # 149, at 21 ("At the time of his layoff, plaintiff was informed that he would be given priority in filling any subsequent job openings in his area."). Finally, Mr. Harris himself acknowledges that "Judge Arterton corroborates Plaintiff's claims in the judge's decision in the case." Plaintiff's Objection to Defendant's Motion to Dismiss Claim for Fraudulent Misrepresentation [doc. # 24] at 1. While Mr. Harris argues that he did not realize that Pratt & Whitney's representations were false until 2005, this argument flies in the face of the representations in his Amended Complaint and the analysis of Mr. Harris's claims in Judge Arterton's opinion. Therefore, both of Plaintiff's claims for fraudulent misrepresentation are "ground[s] of recovery that w[ere] available in the prior action," *Balderman*, 870 F.2d at 62, and they are, therefore barred by the doctrine of *res judicata*.

The Court notes that its analysis pertains only to fraudulent misrepresentations that were

allegedly made before Judge Arterton issued her opinion in 1997. To the extent Mr. Harris wishes to claim that Pratt & Whitney promised to rehire him or fraudulently misrepresented its reasons for firing him *after* 1997, Mr. Harris must include any such claims in an amended complaint, detailing the substance of any such alleged misrepresentations and the dates on which they were made.[1] *See* Fed. R. Civ. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."). As currently pled, however, Mr. Harris's fraudulent misrepresentation claims must be dismissed.

## II.

In its Motion to Strike [doc. # 22], Pratt & Whitney asks the Court to strike certain references in the Amended Complaint [doc. # 19] to irrelevant statutes and to Plaintiff's claims of fraudulent misrepresentation. In the first paragraph of his Amended Complaint [doc. # 19], Mr. Harris cites to 40 U.S.C. § 3113 and 21 U.S.C. § 30K in support of his claims of fraudulent misrepresentation. Even if these statutory references were germane to Mr. Harris's fraudulent misrepresentation claims (and they are not), the Court has now dismissed Mr. Harris's claims of fraudulent misrepresentation. Therefore, these statutory references, as well as the reference in that paragraph to Mr. Harris's claim of fraudulent misrepresentation, should be removed from Mr. Harris's operative complaint (unless,

---

[1] Pratt & Whitney additionally argues that Mr. Harris' fraudulent misrepresentation claims are also barred by the applicable statute of limitations, which makes untimely any claims of fraudulent misrepresentation brought more than three years after the date of the alleged misrepresentation. See *See* Conn. Gen. Stat. § 52-577; *Krondes v. Norwalk Sav. Soc'y*, 728 A.2d 1103, 1109 (Conn. App. Ct. 1999); *Lettick v. Nationwide Mut. Ins. Co.*, No. 3:98CV1928 AVC, 2000 WL 863028, at *9 (D. Conn. Mar. 31, 2000). Because of its ruling on *res judicata* grounds, the Court need not address Pratt & Whitney's statute of limitations argument at this time. However, to the extent Mr. Harris alleges any misrepresentations between the issuance of Judge Arterton's opinion and January 25, 2003 (the three-year date prior to his January 25, 2006 filing in this case), he should be prepared to demonstrate why these alleged misrepresentations are not barred by Connecticut's statute of limitations.

as noted above, he amends his complaint to assert post- 1997 misrepresentations.).  The statutory references must be removed, regardless whether Mr. Harris chooses to replead his claim.

However, Pratt & Whitney's broader request to strike all references in the Amended Complaint [doc. # 19] to the company's alleged representations that it would rehire Mr. Harris and its reasons for firing him sweeps too far.  Rule 12(f) motions to strike are disfavored. *See* 5 Charles A. Wright, et al., Federal Practice & Procedure § 1382 (2d ed. 1990).  Moreover, the Second Circuit has cautioned that a Rule 12(f) motion should not be granted "unless it can be shown that no evidence in support of the allegation would be admissible. . . . the courts should not tamper with the pleadings unless there is a strong reason for doing so." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).  At several points in his Amended Complaint, Mr. Harris states that the alleged fraudulent misrepresentations are related to his claims of discrimination and retaliation in 2004.  *See* Am. Compl. [doc. # 19] ¶ 9 ("Defendant retaliated against me by not considering for rehire as promised."); *id.* ¶ 16 ("The Defendant indicated at various times that the Plaintiff would be considered for rehire to available positions within the corporation."); *id.* ¶ 19 ("When Plaintiff applied in writing for rehire, he was referred to a website for consideration on September 7, 2004. This was not consistent with their promise to reconsider him for available positions.").  Finally, Pratt & Whitney has failed to demonstrate, much less even allege, that the references in the Amended Complaint regarding Pratt & Whitney's stated reasons for firing Mr. Harris in 1991 could never be relevant to Pratt & Whitney's refusal to rehire him in 2004.

Therefore, Pratt & Whitney's Motion to Strike [doc. # 22] is GRANTED IN PART and DENIED IN PART.  Mr. Harris should remove from his complaint the references to 40 U.S.C.

§ 3113 and 21 U.S.C. § 30K and his claims of fraudulent misrepresentation that the Court has now dismissed.

### III.

In his Motions to Compel [docs. ## 28, 30], Mr. Harris argues that the Court's November 3, 2006 Ruling and Order [doc. # 26] permitted him to seek discovery, not only regarding events occurring after January 1998, but also regarding events occurring before that date which pertain to his claims of fraudulent misrepresentation.

In its November 3, 2006 Ruling and Order [doc. # 26], the Court specifically limited Mr. Harris's request for further discovery to "documents and information from January 1998 (following the close of his prior lawsuit) onward, but only as *those materials* pertain to the Pratt & Whitney division in which Plaintiff was at one time employed and *only as to claims Plaintiff has asserted in this litigation*." *Id.* at 2 (emphasis added). The Court specifically limited all further discovery first to materials after January 1998, and then further limited discovery to those materials after January 1998 that pertain to Pratt & Whitney and that pertain to claims Mr. Harris has asserted in this litigation. The Court explicitly noted that any materials before this date related to claims that were or could have been brought in the earlier litigation between these parties. Furthermore, Mr. Harris asserts that he needs the information he seeks to support his claims of fraudulent misrepresentation, which the Court has now dismissed.

From a review of Pratt & Whitney's responses to Mr. Harris' discovery requests, it appears to the Court that the company has complied with the Court's November 23, 2006 Ruling and Order [doc. # 26]. Pratt & Whitney's answers and objections to Mr. Harris's requests for admissions, which form the basis of Mr. Harris's later-filed Motion to Compel [doc. # 30], were complete and

7

appropriate. Therefore, Mr. Harris's Motion to Compel [doc. # 30] is DENIED. Most of Pratt & Whitney's answers and objections to Mr. Harris's interrogatories and requests for production, which form the basis for Mr. Harris's earlier-filed Motion to Compel [doc. # 28] also appear to be complete and appropriate.

However, Pratt & Whitney does not appear to have responded fully and within the guidance of this Court's November Order to Interrogatory #5. *See* Plaintiff's Motion to Compel [doc. # 28] at 1. Mr. Harris asked Pratt & Whitney to produce "job descriptions for the human resources associates position used to staff recent college graduates after plaintiff's layoff." *Id.* Pratt & Whitney appears to have refused to produce anything more than the relevant job and duty descriptions from the 2004 period. *See* Objection to Plaintiff's Motion to Compel Discovery [doc. # 29] at 3. The Court specifically broadened the scope of discovery to include "documents and information from January 1998 (following the close of his prior lawsuit) onward . . . ." as they relate to Pratt & Whitney and Mr. Harris's claims in this lawsuit. Ruling and Order [doc. # 26] at 2. Pratt & Whitney should, therefore, provide the relevant job descriptions not only for 2004, but also for the period 1998 through 2004, to the extent those job descriptions can be located in its records.[2]

In conclusion, the Court GRANTS Defendant's Motion to Dismiss Claim of Fraudulent Misrepresentation [doc. # 22] and GRANTS IN PART and DENIES IN PART Defendant's Motion to Strike [doc. # 22]. **On or before February 15, 2007, Plaintiff must file an amended complaint that conforms to this decision.** Plaintiff's Motion to Compel [doc. # 30] is DENIED. Plaintiff's

---

[2] In Interrogatory # 6, Mr. Harris also asks Pratt & Whitney to "how the duties entailed in these 'associates' descriptions differ from the duties performed by plaintiff prior to his layoff." It is sufficient for Pratt & Whitney to produce the job descriptions so that Mr. Harris himself can compare his job duties with those set forth in the job descriptions.

Motion to Compel [doc. # 28] is GRANTED IN PART and DENIED IN PART, in that Pratt & Whitney will supplement its response to Interrogatory # 5 no later than **February 15, 2007**.

                                      IT IS SO ORDERED.


                                    /s/       Mark R. Kravitz
                                        United States District Judge


**Dated at New Haven, Connecticut: January 29, 2007.**